UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Gerald CRAIG, individually
and as administrator of the
ESTATE OF DELLA CRAIG                                              PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:17-CV-538-CRS

STEAK N SHAKE, INC.                                                 DEFENDANT

# MEMORANDUM OPINION

## I. Introduction

This matter is before the Court on Defendant's Motion for Summary Judgment. DN 23. Plaintiff responded. DN 24. Defendant replied. DN 28. Therefore, this matter is ripe for review. Finding that a genuine dispute of material fact exists regarding the cause of Della Craig's fall, the Court will deny the motion.

## II. Legal Standard

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* In undertaking this analysis, the Court must view the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the . . . presence of a genuine dispute." FED. R. CIV. P. 56(c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III. Factual Background

On August 21, 2016, Plaintiff Gerald Craig and his wife Della visited Defendant Steak 'n Shake, Inc.'s restaurant located on Dixie Highway in Louisville. While there, Della fell. The parties vigorously dispute the cause of that fall. Gerald claims that there were french fries spilled on the floor. Steak 'n Shake argues that there is no evidence of that and that Della had a history of falling. As a result of the fall, Gerald claims Della sustained fractured ribs, internal bleeding, and a collapsed lung. Ultimately, Della passed away. Gerald then brought this action on his own behalf and as the administrator of Della's estate.

### IV. Discussion

Kentucky has adopted a burden-shifting approach to slip-and-fall cases. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431 (Ky. 2003). An invitee must initially prove "that he or she fell as a result of a transitory foreign substance" and that the foreign substance was "a substantial factor in causing his accident and injury." *Id.* at 435 (citation omitted). Then, "a rebuttable presumption of negligence arises [and] the burden shifts to the defendant to show by the greater weight of evidence that it exercised reasonable care in the maintenance of the premises under the circumstances." *Id.* (citation omitted).

On summary judgment, Steak 'n Shake argues that Gerald has failed to demonstrate that there was a transitory foreign substance—french fries—that was a substantial factor in Della's fall. The parties discuss three pieces of evidence, which the Court considers in turn: an alleged hearsay statement from a customer that she saw Della slip on french fries, Gerald's testimony that he observed french fries around Della after her fall, and a security camera video.

A.  **Alleged Hearsay Evidence**

Evidence considered at the summary judgment stage must be admissible at trial. FED. R. CIV. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must . . . set out facts that would be admissible in evidence . . . ."). As a result, "[i]t is well established that a court may not consider [inadmissible] hearsay when deciding a summary judgment motion." *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012) (citations omitted).

Here, the parties focus on a statement made by Linda Hasty, a restaurant patron. Cindy Burdette, the Operational Manager at the Dixie Highway Steak 'n Shake location, testified at her deposition that Hasty told her she had seen Della slip on fries on the floor:

> Q. Okay. A few fries on the floor; does that mean French fries?
> A. Yes, sir. There was a couple fries underneath another booth, and the only reason I mention the fries was because of this Ms. Hasty.
> Q. Okay.
> A.  She was sitting on the other side of the booth from where Ms. Craig was, and she seen her go down.
> Q. Okay.
> A. But she got up. When she got up, and come around, and when I come out, Ms. Hasty started talking about how she fell on the—how Ms. Craig fell on a fry. So that's why I made the comment about there is a few fries on the floor, but they wasn't in her vicinity. They wasn't in her path.
> . . .
> Q. And Ms. Hasty told you that she saw Ms. Craig fall on a French fry?
> A. Yeah.

3

> . . .
> Q. Linda Hasty. Do you know about—do you recall any of the other discussion you had with her or anything else she told you about what she saw?
> A. All she told me—when I came out of the back, when they came and got me, and I came out of the back, as soon as you come out of the server station, they was sitting right there, Ms. Hasty was. Ms. Craig was on the—there's a divider. Ms. Craig was on the other side. When I got up and went around to Ms. Craig, she was sitting in the booth. She was already off the floor. She was sitting in the booth. Ms. Hasty got up, come around the divider to where I was, and she said, "I seen her fall, and there's a fry on the floor." So that's where the fry came in—
> Q. Okay.
> A. —was from Ms. Hasty. Ms. Craig never mentioned the fry. . . .

DN 24-2 at 11. Gerald argues that Hasty's statement is admissible as a present sense impression or an excited utterance.

A present sense impression is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." FED. R. EVID. 803(1). An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." FED. R. EVID. 803(2). The two rules have significant overlap, with the primary distinction being "the time lapse allowable between event and statement." FED. R. EVID. 803 advisory committee's note to 1972 proposed rules. A present sense impression permits "a slight lapse" in time while an excited utterance focuses on the "duration of the state of excitement" the declarant experiences. *Id.*

There is no bright-line rule for determining whether a statement is a present sense impression. The lodestar is whether the declarant had "time to contrive or misrepresent." *United States v. Arnold*, 486 F.3d 177, 184 (6th Cir. 2007). However, statements made within minutes of the event are generally sufficient to qualify. *See e.g. United States v. Price*, 58 F. App'x 105, 107 (6th Cir. 2003) ("A 911 call made within minutes of the event is sufficiently contemporaneous to qualify under either exception."); *United States v. Davis*, 577 F.3d 660, 668 (6th Cir. 2009) (statement is a present sense impression where the witness "testified that she made the 911 call

4

within thirty seconds to a minute after seeing Defendant"). In contrast, longer times are generally too far removed. *See e.g. United States v. Penney*, 576 F.3d 297, 313–14 (6th Cir. 2009) (statement made ten to fifteen minutes after the event not admissible as present sense impression or excited utterance).

Here, it is impossible to determine the time that elapsed between Della's fall and Hasty's statement. No party represents that time to the Court, the deposition testimony does not reveal it, and the interactions occurring at the rear of the restaurant are not clearly visible on the security camera video provided to the Court. Further, no evidence was submitted regarding Hasty's state of excitement at the time she made her statement. In short, Gerald has failed to meet his burden demonstrating that the statement is admissible for purposes of summary judgment, so the Court does not consider it in determining whether there is a genuine issue of material fact.[1]

### B. Gerald's Testimony Regarding His Own Perception

Steak 'n Shake argues that Gerald didn't perceive Della's fall—and is therefore speculating as to its cause. Gerald has admitted in a deposition that he did not actually see Della slip or fall:

>    Q. And could you see her from where you were sitting—
>    A. No.
>    Q. —or were you back to her or side to her.
>    A. No. My back was to her.
>    Q. Back to her? When did you first find out that she had fallen?
>    A. When I heard the commotion.
>    Q. So you didn't actually see her fall.
>    A. No, no.
>    . . .
>    Q. But you didn't—am I correct in saying you didn't actually see your wife step on any french fries?
>    A. Oh, no. My back was to—where she fell, my back was to that, you know.

---

[1] This, of course, does not constitute a ruling on the admissibility of Hasty's statement at trial if a foundation indicating admissibility is laid.

DN 23-3 at 3, 5. He does assert that, once he got to Della, he saw "french fries laying on the floor, little bitty Steak 'n Shake french fries" around her. *Id*.

Of course, proof regarding the existence of a transitory foreign substance may be circumstantial or based on reasonable inferences, but it must be more than "[c]onclusory allegations, speculation, and ubsubstantiated assertions." *Padgett v. Wal-Mart Stores East, LP*, 731 F. App'x 397, 398 (6th Cir. 2018) (citation omitted). In *Padgett*, the plaintiff fell in a restroom and sued. He offered two pieces of evidence: his testimony that he fell "due to something damp on the floor" and a wet spot on his pants observed after he had been placed on a stretcher for transportation to the hospital. *Id*. at 399–400. In a deposition, Padgett admitted he did not see any type of liquid on the floor, that the restroom was clean, and that he was speculating as to the cause of his fall. *Id*. at 399. Arguing the wet spot was caused by something wet on the floor was similarly speculative. *Id*. The district court granted summary judgment and the Sixth Circuit affirmed, finding that no reasonable juror could conclude, based on that evidence alone, that there was a foreign substance on the floor which was a substantial factor in causing Padgett's fall.

The *Padgett* court contrasted the case with a case from this district, *Vaughn v. Target Corp.*, No. 3:13-CV-521-H, 2014 WL 4999194 (W.D. Ky. Oct. 7, 2014). There, Vaughn "testified that her foot stuck on a small, brown, sticky substance in Target" and "produced what she believes to be the shoe she wore on the day of her fall—and it still carries some dark residue on the sole." *Id.* at *3. The Court initially noted that "[t]he Sixth Circuit has recently intimated that Plaintiff's burden at this stage of a slip-and-fall case is not substantial where Plaintiff has presented sworn testimony to establish its prima facie case." *Id.* (citing *Denney v. Steak N Shake Operations*, 559 F. App'x 485, 486 (6th Cir. 2014)). The Court concluded that "Vaughn does not

6

have overwhelming evidence, or even very convincing evidence, of a substance that caused her to fall" but that, at summary judgment, her burden was met. *Id.*

Steak 'n Shake directs the Court to two cases to support its motion: *Williams v. Courier-Journal & Louisville Times, Inc.*, 399 S.W.2d 467 (Ky. Ct. App. 1965) and *Robinson v. Blue Velvet Exchange, LLC*, No. 2015-CA-1244-MR, 2016 WL 5485221 (Ky. Ct. App. Sept. 30, 2016). In *Williams*, the plaintiff was delivering cans of oil to the Courier-Journal's ink room and fell. He sued, arguing the fall was the result of ink on the floor. However, he later "testified that he did not see what he slipped on and speculated it might have been ink because there was ink on his shoes that night." *Williams*, 399 S.W.2d at 468. The court held that "was pure speculation" since "the ink could easily have splattered on his shoes when he fell, or it could have become deposited there when he walked across the room." *Id.* As a result, it granted a directed verdict following a jury trial. In *Robinson*, the plaintiff tripped while navigating an estate sale. She testified that she was unable "to identify any hazard which might have caused her fall." 2016 WL 5485221, at *3. As a result, she could not prove causation of her fall without resorting to surmise and speculation and summary judgment was proper. *Id.*

Gerald points to two other cases in opposition: *Louisville v. Bailey's Guardian*, 90 S.W.2d 712 (Ky. 1936) and *Paducah v. McManus*, 76 S.W.2d 254 (Ky. 1943). In *Bailey's Guardian*, a minor fell while crossing the street and sued the city, claiming that the injury was a result of poor road maintenance. There, a witness did not see Bailey fall but heard her scream and, on turning around, testified that the fall occurred near several holes in the street. *Bailey's Guardian*, 90 S.W.2d at 713–14. This was sufficient circumstantial evidence to send the case to a jury. *Id.* at 715. The court in *Bailey's Guardian* noted the evidence was "much stronger than in the *McManus* case." *Id.* There, a woman fell after encountering a defective sidewalk. The only

witness who was present admitted that she did not see McManus fall and no one testified that she stepped in the hole or stumbled. *McManus*, 76 S.W.2d at 256–57. Regardless, the Court determined that the evidence was sufficient to take the case to the jury, as they could infer that the fall was caused by the conditions of the street. *Id.*

Gerald has conceded he did not observe Della falling. However, he has testified under oath that he personally observed a transitory foreign substance—french fries—around the area where Della fell immediately after she fell. Further, Burdette testified that she saw "a couple fries underneath another booth" near the area where Della fell. DN 24-2 at 11. As a result, this case is more like *Vaughn*, *Bailey's Guardian*, and *McManus* in that there is sworn testimony from an eyewitness that, contemporaneous with the fall, they perceived nearby defects or objects which a jury could reasonably infer caused the fall. It is similarly unlike *Padgett*, *Williams*, and *Robinson*, where the witness had no perception of anything that could have caused the fall—in other words, mere speculation. Put simply, Gerald's perception of the scene at that moment represents more than conclusory allegations, speculation, and ubsubstantiated assertions. Therefore, the Court finds that his testimony, standing alone, is sufficient to prevent summary judgment.

### C. Restaurant Security Video

Where a video of an incident exists, the Court may review it to determine whether the alleged facts are a "visible fiction" or "so utterly discredited" by the video that no reasonable jury could believe it. *Coble v. City of White House, Tenn.*, 634 F.3d 865, 868 (6th Cir. 2011) (quoting *Scott*, 550 U.S. at 868). Della's fall occurred at the rear of the restaurant. The video is taken from the front, overlooking the cash register, and without a clear view of the area where

8

Della fell. Therefore, the Court cannot say that Gerald's testimony as detailed above is a "visible fiction" which can be disregarded on summary judgment.

## V. Conclusion

Gerald has testified under oath that he personally perceived french fries surrounding Della at the time of her fall. That testimony is bolstered by Burdette, who also noted the presence of french fries nearby. This testimony is sufficient to create a genuine dispute of material fact regarding the cause of Della's fall, as a reasonable juror could draw the inference that Della slipped and fell on french fries that were left on the floor. Existing security camera footage is insufficient to discredit the facts asserted by Gerald. For that reason, summary judgment is improper and the motion requesting it will be denied.

A separate order will be entered in accordance with this opinion.

July 29, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**